UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DONNIE HARRIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-75-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Donnie Harris ("Harris") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 5 and 6] Through this action, Harris seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to a Period of Disability and Disability Insurance Benefits ("DIB"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Harris.

**I.    BACKGROUND**

Harris filed an application for a Period of Disability and DIB on November 5, 2004. The claim was denied initially and upon reconsideration. Thereafter, Harris requested a hearing before an ALJ. On May 15, 2005, a hearing was conducted before ALJ James P. Alderisio.

During the administrative hearing, the ALJ heard testimony from Harris and Jane Colvin-Roberson, a vocational expert. Thereafter, the ALJ issued a decision denying benefits to Harris. [Transcript ("Tr."), pp. 11-18] The ALJ concluded that Harris retained the residual functional capacity to perform medium work with limits on climbing, crouching and crawling and no exposure to temperature extremes. [Tr., p. 15] The ALJ further concluded that Harris could return to work in his past occupation. [Tr., p. 17] Harris' request for review was denied by the Appeals Council on January 5, 2007. [Tr., pp. 4-6]

At the time of the administrative hearing, Harris was 53 years-old and possessed a high school education. [Tr., p. 273] He alleges a disability beginning September 10, 2004, due to ischemic heart disease, hypertension, depression and anxiety. [Record No. 5] He has past work experience as an insurance agent. [Tr., p. 17] As noted above, the ALJ found that Harris could perform his previous work as an insurance agent. [Tr., p. 17]

After reviewing and evaluating the medical evidence of record and testimony at the hearing from the Claimant, the ALJ found that Harris had the residual functional capacity to perform medium work subject to the limits outlined above. [Tr., p. 15] Specifically, the ALJ found that Harris had the following residual functional capacity:

> to perform the exertional and nonexertional demands of medium work except that which requires lifting and carrying more than 50 pounds occasionally or 25 pounds frequently; sitting, standing or walking more than 6 hours each out of an 8-hour day; and climbing of stairs, ropes or ladders; any exposure to extreme hot or cold temperatures; and no more than occasional climbing of ramps, crouching or crawling.

[Tr., p. 15] Based on these findings, the ALJ concluded that Harris was not disabled as defined in the Social Security Act and regulations. [Tr., p. 18]

**II.    LEGAL STANDARD**

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and*

*Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.    DISCUSSION

Harris asserts that the ALJ failed to give sufficient weight to the opinions of his treating physicians. More specifically, he alleges that the ALJ erred in failing to give appropriate deference to the physical and mental limitations identified by Dr. Ashwini Anand and Dr. J. J. James. The Court has examined the ALJ's evaluation of Harris' claims of disabling physical pain and mental limitations and agrees with his conclusions.

In evaluating these claims, the ALJ considered Harris' live testimony and whether it was corroborated by the objective medical records. While some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including

your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.").

The "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In *Wilson v. Comm'r of Soc. Sec.*, the Sixth Circuit noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson*, 378 F.3d 541, 546 (6th Cir. 2004).

First, Harris argues that the ALJ failed to provide a rationale for rejecting the opinions of Dr. Anand, his treating cardiologist. However, based on the evidence presented to the ALJ, it is clear that the ALJ gave Dr. Anand's opinion the appropriate deference and rejected it in light of the weight of the evidence.

With respect to Harris' alleged mental impairment, the ALJ acknowledged that Dr. Anand had opined that it was unsafe for Harris to continue to work in any environment due to his anxiety. However, the ALJ observed that while "the claimant [] reported some problems with memory, concentration, anxiety and depression," he was "not receiving formal psychiatric or psychological care for any acute diagnosable mental health condition." [Tr., p. 14] The ALJ further noted that Harris had no history of receiving psychiatric treatment and/or having any mental health concerns.

The ALJ also noted that, Dr. Anand's treatment notes were inconsistent with his finding that it was unsafe for Harris to continue to work. Specifically, the ALJ noted that after Dr. Anand prescribed Paxil, Harris was reportedly less anxious. In addition, with respect to Harris' physical limitations, Dr. Anand noted that after Harris was prescribed Paxil, he was stable from a cardiac standpoint and appeared to be doing well. In February 2005, Harris had a normal stress test that revealed no evidence of ischemia or previous infarction. Dr. Anand also recommended that Harris perform daily exercise. The ALJ recognized that Harris' reported level of activity was not "indicative of a totally incapacitated individual." [Tr., p. 16] Specifically, the ALJ noted that Harris

> remains capable of caring for his personal needs; he prepares his breakfast and lunch; does household chores including dusting, mopping, making the bed, folding laundry and feeding his daughter's dog; read, watches television, pays th bills, uses the computer, visits friends and relative daily, goes shopping weekly, attends church weekly, and drives.

[Tr., p. 16]

The ALJ also considered the findings of the state agency psychological consultant, Dr. Kenneth Starkey. In particular, the ALJ noted that Dr. Starkey found that Harris had "no symptoms of any acute diagnosable mental health condition requiring formal psychiatric or psychological care" [Tr., p. 14] and that there was "no evidence of more than mild mental limitations in his activities of daily living, social functioning, or concentration, persistence and pace." [Tr., p. 19] The ALJ noted that Dr. Starkey concluded that Harris was "able to understand and remember simple, one/two step instructions, interact socially, and respond adequately under pressures found in most day-to-day work settings." [Tr., p. 14] Further, the ALJ observed that Dr. Starkey opined that Dr. Anand had prescribed Paxil for Harris for "somewhat vaguely described and seemingly intermittent problems with nervousness–associated with his onset of heart disease." [Tr., p. 15] After examining the evidence, the ALJ determined that more weight should be afforded to the "opinions of Dr. Starkey and the state agency physicians, who determined that the claimant did not have a medically determinable 'severe' mental impairment" and that "no weight [should be given] Dr. Anand's opinion, based on the overall record and his own treatment records." [Tr., p. 16]

Harris also argues that the ALJ failed to give due consideration to the opinions of Dr. James. In part, the ALJ found Dr. James' opinion to be unpersuasive because he had only seen Harris one time prior to his assessment and because his findings were not supported by "clinical and diagnostic evidence." [Tr., p. 16] Moreover, the ALJ noted that Dr. James' conclusion that Harris was limited to "light work activity" was "inconsistent with the findings of [Harris'] treating cardiologist and other non-examining sources." [Tr., p. 16] It is well-established that

an "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'" *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

In the present case, the ALJ found that, "the claimant's statements concerning the intensity, duration and limiting effects of [his] symptoms are not entirely credible." [Tr., p. 16] This finding is consistent with the medical evidence in the record, and the Court is unwilling to disturb the ALJ's credibility determination. "[A]n ALJ is not required to accept a claimant's subject complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). In evaluating the credibility of a claimant, the Sixth Circuit has recognized that a reviewing court should be "particularly reluctant" to substitute its judgment of the credibility of the claimant for that of the ALJ, since the ALJ has "seen the claimant in the flesh" and has had the opportunity to observe his demeanor. *Gooch*, 833 F.2d at 592. As such, the reviewing court "should show deference to the decision of the administrative law judge in assessing credibility." *Tyra v. Sec'y of Health and Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990).

In summary, the ALJ properly considered all of the medical evidence presented regarding Harris' physical and mental impairments and functional limitations. After analyzing the evidence presented, he concluded that Harris did not have a disabling mental or physical impairment. The ALJ examined the medical evidence presented by all treating and consulting doctors, including Dr. Anand and Dr. James. Based on the evidence of record, the ALJ

concluded that Harris is capable of working. In fact, the ALJ determined that he is able to perform his past relevant work an insurance agent. And after reviewing the medical evidence considered by the ALJ, the Court concludes that the ALJ's findings regarding the degree of Harris' physical impairments and limitations and his capacity to work are supported by substantial evidence. Therefore, the Court will affirm his decision.

## IV. CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 6] is **GRANTED**;

(2) Plaintiff Donnie Harris' Motion for Summary Judgment [Record No. 5] is **DENIED**;

(3) The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 18th day of September, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge